[Civ. No. 6490.   Fourth Dist.   Sept. 15, 1961.]

DOMINICK LOCASTRO, Appellant, v. PHILIP RAYMOND COSTELLO, Respondent.

George B. Corn, Roger B. Thurrell and Willard Whittinghill for Appellant.

McInnis, Focht & Fitzgerald for Respondent.

GRIFFIN, P. J.—Plaintiff-appellant brought this action against defendant-respondent for claimed injuries caused by a collision between two cars at an intersection.  Plaintiff was a guest sitting in the rear seat of the left-hand side of a car driven by one Andrew Van Pelt.  About 4:30 p. m. on May 7, 1958, this car was proceeding northerly in the center lane on India Street, a three-lane one-way street.  Defendant was driving his car west on F Street in the south lane of a three-lane one-way street.  Both streets were 52 feet wide.  There were red and green traffic control lights at the corner of the intersection.  A collision between the cars occurred in the

intersection, injuring plaintiff. A trial by jury resulted in a verdict for defendant. Plaintiff appealed.

The principal question presented is: Which vehicle entered the intersection in compliance with the traffic lights? Each party contends that the green light was in his favor as he approached and entered the intersection. Appellant contends the testimony of defendant in this respect was weak, false, inherently improbable, unsupported, uncorroborated, unsubstantial and insufficient to support the judgment for defendant. (Citing *Hall* v. *Osell,* 102 Cal.App.2d 849 [228 P.2d 293]; *Herbert* v. *Lankershim,* 9 Cal.2d 409 [71 P.2d 220]; *Gray* v. *Brinkerhoff,* 41 Cal.2d 180 [258 P.2d 834].)

Defendant argues that the evidence was in conflict and that under *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689], the judgment should be affirmed because there is substantial evidence to sustain it. We will set forth the testimony bearing on that question.

Plaintiff testified that the car in which he was riding was traveling about 22 miles per hour northerly on India Street; that he was paying no attention to the signals and accordingly saw none and did not see defendant's car approaching until the time of impact; that he was injured and taken to the hospital.

Van Pelt testified he was driving the car in which plaintiff was riding north on India Street with two other men and they were going home from work; that when he was about one-half block away from the intersection he saw that the signal light at the northwest corner was green; that when his car was about two car-lengths from the intersection, he saw the signal lights at the northeast and southeast corners were still green; that his car was at the tail-end of a line of cars and that when about 30 feet from the intersection he saw defendant's car when it was about 30 feet from the intersection; that he looked again just before the impact in the intersection and at that time the light was green. He was presented with his testimony at a former trial wherein he stated that he noticed the green signal when he was about three-fourths of a block away from the intersection and continued to observe it while the car traveled about 30 feet; that he then took his eyes off of the signal and did not see it again. It will be noted that he there testified he could see the green light at the southeast corner but at the present trial he testified he could not possibly have seen that light because it was for the street signal for traffic on F street and that he made a mistake

and apologized for his error in his former testimony; that he subsequently examined the premises and so concluded. He said he must have been confused and his testimony at the first trial was ''quite a mess.''

One Wayne Smith, who was in an office near the southeast corner of the intersection, testified that he heard the impact, looked out and saw a signal at the southeast corner which was shining red; that this signal was a two-pronged affair in which one of the lights faced east and another faced to the north. After confronting him with his former testimony, he said he was not absolutely sure what happened because things were a little vague and the events happened about one year prior thereto and accordingly he was not sure of the corner where he saw the light.

An officer testified that he found skid marks on the Costello car extending for a distance of 13 feet prior to the point of impact and about 8 feet thereafter; that he saw no skid marks from the Van Pelt car prior to the collision but there were out-of-control sliding marks for about 25 feet after the collision and that the impact was in the south lane of westbound traffic on F Street. He testified that the defendant told him he was driving in the south lane on F Street, had the green light all the way and all of a sudden the Van Pelt car was in front of him; that he smelled defendant's breath, suspected he had been drinking, but noted in his book ''ability to operate vehicle not impaired.'' Defendant admitted having had two drinks of beer earlier in the morning of that day.

One Carlo Daleo, riding in the front seat of the Van Pelt car, testified that he saw the green light three-fourths of the way up the block from the intersection of India and F. Streets; that he last saw it when the Van Pelt car was one and one-half to two car-lengths away from the intersection and he then glanced away; that he saw no other cars coming on F Street; that when in the intersection he then saw this other car and then ''boom''; and that he did not see the other car until it hit the car in which he was riding. He was presented with his former testimony. He there stated that he was about three-fourths of a block away when he first saw the green light, continued to watch it until the car moved about 30 feet and then he took his eyes off of the light.

In defense, Costello testified that he was traveling about 20 miles per hour westerly on F Street, saw a signal light change from red to green when he was two or three car-lengths (about 40 feet) east of the intersection; that the green light

continued until the time of the impact and that there was no doubt about it in his mind; that there was no amber light; that he was just starting into the intersection when he first saw the Van Pelt car in the intersection.

Maps or diagrams of the intersection with markings thereon were prepared and used in the trial court. It is difficult to follow the testimony in the absence of these exhibits. They were not brought up to this court to be considered with the record and testimony. Counsel for respondent states in his brief: "Apparently the exhibits were withdrawn by stipulation at the conclusion of the trial and hence are unavailable on this appeal."

While the evidence here produced might well have supported a judgment for plaintiff, this is not the question before us. ▮▮▮ Under Code of Civil Procedure, section 1844, the evidence of one witness is sufficient to prove a fact and this rule is applicable to negligence cases where a party's testimony is at variance with the other witnesses. (*Francis* v. *City & County of San Francisco,* 44 Cal.2d 335, 340 [282 P.2d 496].) ▮▮▮ There was a substantial conflict of evidence in reference to the green traffic light being in favor of the respective parties. The jury must have believed defendant's testimony. It cannot be said, as a matter of law, that his testimony was incredible or unworthy of belief. Therefore, the familiar rule, too often quoted, is here applicable. (*Estate of Bristol, supra,* 23 Cal.2d 221.)

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.